MAY TERM
1836.

Peyton
v.
Rogers.

———◦✦◦———

### PEYTON v. ROGERS.

Where the declaration in an action of assault and battery contains but one count, and a plea of *son assault demesne* is put in and sustained by proof, the pltf. will not be permitted ty give evidence of *another* assault by def.

ERROR to the circuit court of Monroe county.

Statement of the
case.

Peyton sued Rogers in an action of trespass of assault and battery. There was but one count in the declaration, and the defendant pleaded son assault demesne. —At the trial of the cause the defendant proved an assault and battery committed on him by the plaintiff.—

The plaintiff was then permitted by the court to give evidence of an assault an battery committed on him at another time by the defendant. The defendant by his counsel excepted to the opinion of the court, and this act of the court is assigned for error.

Tompkins Judge, delivered the opinion of the court.

If there be only one count in the declaration and the defendant has pleaded son assault, and there have been two distinct assaults, one excusable and the other not, the plaintiff should not reply, but should new assign another assault.—But had there been in this declaration several counts, equal to the number of assaults, a new assignment would have been unnecessary.—(See 1. Chitty 625) There being but one count in this declaration, and the defendant having pleaded son assault demesne, and given evidence to support the issue made up, the circuit court committed error in allowing the plaintiff to give evidence of another assault. Its judgment is therefore reversed.

MAY TERM
1836.

Griffith & others
v.
The Commonth.'s
Bank of Ky.

Opinion of the court.

Where the declaration in an action of assault and battery contains but one count, and a plea of *son assault demesne* is put in and sustained by proof, the pltf. will not be permitted to give evidence of *another* assault by def.